# HENRY WATERHOUSE TRUST COMPANY, LIMITED, *v.* MILLIE F. RAWLINS.

## No. 2179.

ARGUED NOVEMBER 23, 1934.          DECIDED DECEMBER 10, 1934.

COKE, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY COKE, C. J.

Henry Waterhouse Trust Company, plaintiff, defendant in error, recovered judgment against Millie F. Rawlins, defendant, plaintiff in error, in the circuit court of the first judicial circuit. Plaintiff in error comes here on a writ of error. Defendant in error now moves dismissal of the writ upon the ground that the bond filed does not comply with section 161, R. L. 1925, which reads as follows: "Whenever by any law, regulation, ordinance, order of court, or any rules of any department of the territorial government or of any subdivision thereof, now or hereafter in force, it shall be required of any person to give any written bond or undertaking for the performance of any contract or the provisions of any license, or for the indemnity or security of any person, party or any officer, there shall be attached to such bond or undertaking an affidavit of each of the sureties thereon, duly verified by oath, from which it shall appear that the sureties taken together have property situated within the Territory subject to execution and that the sureties taken together are worth in proper-

ty within the Territory the amount of the penalty specified in the bond or undertaking, over and above all of their debts and liabilities; in default of which justification no such bond or undertaking shall be accepted; provided, however, that if any such bond or undertaking shall be executed by the principal and by any corporation, organized for the purpose of becoming surety on such bonds, authorized under the laws of the United States or of the Territory to act as surety, and doing business in the Territory under the provisions of the laws of the United States and of the Territory, if a foreign corporation, and under the laws of the Territory, if an Hawaiian corporation, may be accepted as surety on such bonds in lieu of the personal sureties hereinafter required, whenever, in the opinion of the officer or officers whose duty it is to approve such bond, the rights of all parties in interest will be fully protected; and further provided, that when the surety on any such bond is such corporation, no other justification shall be required." The bond of plaintiff in error is executed by her as principal and by a single individual surety, namely, F. E. Steere, who has justified in the amount required by statute not only by affidavit attached to the bond but also upon oral examination under oath before this court.

In support of the motion to dismiss it is urged by counsel for defendant in error that the statute requires two or more sureties on a bond of this character except in cases where the surety is a corporation. The statute quoted uses the plural expression "sureties" and the same is true of other statutes from which it can be urged with much force that a single individual surety on a writ of error bond does not meet the requirements of the statute. The contrary, and we think more reasonable, view is that the law makers for the sake of brevity purposely made use of the more comprehensive term, cognizant of the rule that the plural also includes the singular (see 3 Words &

Phrases [2d Ser.], p. 1060) hence if a bond contains more than one surety all would be included within the purview of the statute.

Section 2529, R. L. 1925, known as the writ of error statute, and under which the present bond is required, provides: "No writ of error shall issue until the sum of twenty-five dollars has been deposited to cover costs, and, except in criminal cases and cases in which there is no money judgment, a bond has been filed with the clerk, in favor of the prevailing party in the proceeding in which the error is alleged to have occurred, or his personal representatives, conditioned for the payment of the judgment in the original cause in case of failure to sustain the writ of error. The supreme court shall have power to order additional bond upon motion, and to determine the amount of the penalty thereof and the sufficiency of the sureties to the same, or to the bond given before proceeding to a hearing on the writ." It is important to note that this statute makes no mention of the number of sureties necessary in order to meet the requirements of the law. It merely prescribes that a bond shall be filed with the clerk, etc., and then confers upon this court plenary authority to require of plaintiff in error the kind and quality of bond which will be reasonably sufficient to assure payment of the judgment held by the defendant in error in case the plaintiff in error fails to sustain his writ on appeal in this court which, of course, is all the protection the defendant in error is entitled to. It is not difficult to contemplate instances where a bond containing a single surety, who amply justifies for the total amount involved, would afford more substantial protection to the defendant in error than where a number of sureties subscribe to a bond, each qualifying for a mere fraction of the amount. The legislature has therefore, purposely we think, conferred upon this court the widest power in the premises, power to accept

a single surety or to reject a multitude of sureties, depend-
ent upon the circumstances in each individual case as it
arises. What is said here is confined solely to construc-
tion of the requirements of section 2529 and has no appli-
cation to other sections of the statute, some of which ex-
pressly provide that two or more sureties are necessary.

The motion to dismiss the writ of error is denied.